# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA

In Re: Subpoena issued in the matter of

| | | |
|---|---|---|
| TOM AND BRENDA FRISCH, | * | |
| | | Case No.: 21-mc-5 |
| | * | |
| Plaintiff, | | |
| | * | United States District Court for the Northern District of Oklahoma, |
| v. | * | Civil No. 20-CV-00139-CVE-CDL |
| | | |
| ALLSTATE VEHICLE &., PROPERTY INSURANCE CO., | * | |
| | * | |
| Defendant. | | |

## NON-PARTY PILOT CATASTROPHE SERVICES, INC.'S
## OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS

Pilot Catastrophe Services, Inc. ("Pilot") is an Alabama corporation with its principal place of business is in Mobile, Alabama. Pilot is not a party to the above-styled litigation currently pending in the United States District Court for the Northern District of Oklahoma, but recently received a subpoena from Plaintiff's counsel. Pilot will seek to resolve any discovery dispute with Plaintiff's counsel, but hereby objects to the subpoena to preserve and assert its rights pursuant to Fed. R. Civ. P. 45 as follows:

1.  On July 27, 2021, a copy of a subpoena was delivered by certified mail to CT Corporation System in Oklahoma.

2.  The subpoena calls for Pilot to produce documents in Oklahoma City, Oklahoma on August 4, 2021.

3. Pilot performs adjusting services for various insurance carriers. Other than the subpoena itself, Pilot was provided no further information, such as the complaint. Thus, Pilot has little or no information about the lawsuit or claims made therein. Moreover, Pilot generally does not maintain records relating to a particular claim by an insured, and instead those records are maintained in a claims file by the insurer. Because Pilot objects to the subpoena, Fed. R. Civ. P. 45(d)(2)(B) provides that Pilot need not take any further action unless the Plaintiff files a motion to compel with this Court. *See Sinclair v. Allstate Indemnity Co.*, No. Misc-08-0311-CG-C, 2008 U.S. Dist. LEXIS 73041 (S.D. Ala. 2008) (after submitting objections, Pilot had no further duty to respond to the subpoena).

4. In addition to the objection stated above, Pilot objects to the document requests in the subpoena. The subpoena seeks private, proprietary, trade secret and confidential documents and records of Pilot that, if revealed, could be highly detrimental and damaging to Pilot's business relationship with its insurance carrier clients and Pilot's other past, current, and potential customer clients, as well as its relationship with its employees. For example, the subpoena demands not only the claims file, but also any contracts or agreements between Pilot and Allstate; all training materials or policies or procedures involved in Pilot employees adjusting insurance claims; and "all files" relating to nine (9) employees. Such information is private, proprietary, and confidential, and also could give Pilot's competitors an unfair advantage in a highly competitive business. Production of some of the documents also potentially would invade the privacy and confidentiality of Pilot's

employees. Moreover, it is believed that many of the documents requested could be obtained (or may already have been obtained) from the actual party to the lawsuit – for example, why should Pilot, a nonparty, have to produce contracts or agreements with Allstate, an actual party to the lawsuit that is in a much better position to determine whether such contracts or agreements are even discoverable in the lawsuit? The requests also potentially seek attorney-client communications and attorney work product and other information that is not subject to discovery. Requiring Pilot to search for, review, and provide relevant, discoverable materials, at Pilot's own expense and potential risk to its relationship with insurance companies and its competitors and its employees, is unfair, unnecessary, and highly prejudicial.

5. Pilot further objects on the grounds that the subpoena violates the territorial limitations imposed by Rule 45(c)(2)(A). A subpoena must require production of documents "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." This subpoena requires production of documents in Oklahoma. The distance between Pilot's principal headquarters in Mobile, Alabama, and the place of production is well over 100 miles. Therefore, the subpoena is not valid.

6. Pilot further objects on the grounds that the subpoena was received on July 27, 2021, and demands compliance just eight (8) days. Pilot objects to the subpoena on the grounds that it does not allow sufficient time for Pilot to search for and locate discoverable and responsive documents, to review such documents for

relevancy and privilege, and to consult with its legal counsel. See Fed. R. Civ. P. 45(d)(1) (party or attorney issuing subpoena must take reasonable steps to avoid imposing undue burden or expense on person subject to subpoena); R. 45(d)(3) (court must quash subpoena which fails to allow a reasonable time to comply). The subpoena requires production of documents from a non-party just eight days later, including weekend days – much less time than the thirty (30) days an actual party is given to respond to a document request under Rule 34. This does not allow sufficient time for Pilot to comply with the subpoena.

7. Pilot further objects on the grounds that the subpoena was not properly served. It was sent via certified mail, not by personal process server. Serving a subpoena requires "delivering" a copy to the recipient. Fed. R. Civ. P. 45(b)(1); *Omikoshi Japanese Restaurant v. Scottsdale Ins. Co.*, No. 08-3657, 2008 U.S. Dist. LEXIS 91615, *2-3 (E.D. La. Nov. 5, 2008). "Delivery" requires personal service. *Omikoshi*, 2008 U.S. Dist. LEXIS 91615 at *3. Attempting service via certified mail is invalid. *Plata v. Triton Diving Services, LLC*, No. 12-1793, 2013 U.S. Dist. LEXIS 87442, at *7-9 (E.D. La. June 20, 2013). *See also Truck Pro Holding Corp. v. Garner*, No. 09-mc-00035-CG-B, 2009 U.S. Dist. LEXIS 98555, at *2 (S.D. Ala. Oct. 22, 2009) (quashing subpoena that was not personally served).

8. In addition to the above objections, Pilot states the following additional specific objections to the first document request, which seeks documents relating to the plaintiffs' insurance claim and the adjustment thereof. If the plaintiffs had a claim with the insurer, the types of documents they request typically are not

4

maintained by Pilot; thus, Pilot does not have a "file" on the claim. Plaintiff should seek those documents from the insurer, which, unlike Pilot, is a party to the lawsuit, and should have these documents and is in a better position to determine what documents are and are not relevant to the lawsuit and to participate in discussions and/or discovery hearings with respect to the documents. Because those documents should be available from a party, Pilot should not have to bear the burden and expense of searching for documents that it does not routinely maintain. Requiring a nonparty to search all of its files to determine if any of them somehow relate to the plaintiff's claim, which is unknown to Pilot and vague and ambiguous, is overly broad and unduly burdensome. Moreover, claims file information is the property of the insurer, not Pilot, and Pilot is not in the possession, custody or control of the insurer's documents and does not have permission to turn over the insurer's documents.

9. In addition to the specific objections set forth above, Pilot states the following objections to the subpoena:

a. Objection to the extent that the requests, separately and severally, are not reasonably calculated to lead to relevant, admissible evidence or are otherwise not needed to resolve the issues of this civil action.

b. Objection to the extent that information which is sought is privileged, proprietary, confidential, and/or trade secret.

c. Objection to the extent that the information is available to the Plaintiffs from other sources and parties to the lawsuit -- namely, the insurer --

and/or would be unduly and unreasonably burdensome for Pilot to locate, retrieve, and review for relevance and/or discoverability.

      d.      Objection to the extent that the requests, separately and severally, are each phrased in a misleading manner, assume(s) facts which are not in existence, assumes incorrect facts, and/or provides insufficient facts and information to allow Pilot to reasonably interpret and respond to each request.

      e.      Objection to the extent that information sought is attorney work product and/or attorney-client privileged communications.

      f.      Objection because the requests are overly burdensome and irrelevant.

      g.      Objection to the extent that terms used in the discovery are ambiguous, vague, and/or overly broad.

      h.      Objection to the extent that the information seeks information that invades or may invade the privacy of Pilot or an employee.

      i.      Objection based on failure to reasonably limit a request in time and scope.

      j.      Pilot adopts any objections made by the insurer

WHEREFORE, Pilot objects to the subpoena as set forth above.

Respectfully submitted,

**s/David F. Walker**
DAVID F. WALKER
Attorney for Pilot

OF COUNSEL:
GALLOWAY, WETTERMARK & RUTENS, LLP
3263 Cottage Hill Road
Mobile, Alabama  36606
Telephone:   251-476-4493
Email: david@gallowayllp.com

CERTIFICATE OF SERVICE

I hereby certify that I have on this the 30th day of July, 2021, served a true and correct copy of the foregoing instrument upon the attorney who issued the subpoena by electronic mail and by placing same in the United States mail, first class postage prepaid and properly addressed to:

Jacob L. Rowe
1101 N. Broadway Ave. Suite 102
Oklahoma City, OK 73101
 (also via email to jrowe@fulmersill.com)

**s/David F. Walker**
DAVID F. WALKER

7